UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KATHY M. LOVELL, ET AL                                CIVIL ACTION

VERSUS                                                NO. 07-568

MARVIN CHILDS, ET AL                                  SECTION "K"(5)

## ORDER AND OPINION

Before the Court is the "Motion in Limine" filed on behalf of plaintiffs Kathy and Jody Lovell (Doc. 43). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

Background

This suit involves a claim arising from an automobile accident. While the vehicle operated by Jody Lovell was stopped at a red light, a vehicle operated by Marvin Childs struck Mr. Lovell's vehicle from the rear. At the time of the accident, Empire Fire and Marine Insurance Company ("Empire") insured the vehicle operated by Mr. Childs, and Progressive Insurance Company ("Progressive") provided uninsured/underinsured coverage for the vehicle operated by Mr. Lovell. Following the accident, Progressive took the unsworn recorded statement of Mr. Childs.

Jody and Kathy Lovell filed suit against Mr. Childs, Empire, and Progressive for damages sustained as a result of the accident. During the discovery phase of this litigation, counsel for defendant deposed Mr. Lovell concerning the accident. During that deposition the following colloquy took place:

> Q. Okay. You stopped there and what?
>
> A. I stopped and I was sitting at the red light, and you know, sitting there, and my wife, like she said, she was leaning over to get

something out of the glove compartment.

The light sort of changed, getting ready to change. I took my foot off the brake and noticed a car was coming and he was trying to beat the red light. So I put my foot back on the brake. I might have moved about two, maybe two feet. As soon as I put my foot back on the brake, I heard a skid behind me, and the other fellow ran into the back of us. It's that simple.

I imagine he was just looking at the light, you know, changing or whatever. I'm not sure.

Q. You are sitting at the light. You sat through the light, the light turned green for you.

A. It was getting ready to turn green. It hadn't turned green yet. I took my foot off the brake.

Q. And rolled forward a couple of feed?

A. Right. Looking at the traffic, the oncoming traffic, and I seen this guy sort of speed up instead of getting ready to stop for the light. So, I reapplied my brake. He shot across the light. I'm not sure if he ran the red light or if it was a yellow light he ran.

But I seen he wasn't, you know, I seen him coming and I seen he wasn't going to stop. So, I reapplied my brakes.

Doc. 54-1, p. 9-10.

Plaintiff seeks to exclude from the trial in this matter: 1) any evidence and argument in support of Empire's defense of third party fault; 2) any evidence of or reference to the unsworn statement of Marvin Childs; and 3) any evidence of the investigating officer's estimate of speed of the Mr. Child's vehicle at the time of the accident. Empire opposes the motion.

Third Party Fault

Empire specifically pleaded the affirmative defense of fault of a third party as a cause of the accident and injuries sustained by plaintiffs. Plaintiffs contend that Mr. Lovell, the only witness to the accident who will testify at trial, will testify that "he was at a complete stop at a red light, then, he let his foot off the brake allowing the vehicle to roll a few feet forward and he reapplied the brake. Then his vehicle was rear ended." Doc. 43-1, p. 1. Plaintiffs assert that based on these facts Mr. Lovell "actually increased the distance available for Empire's insured to bring his dually truck which was towing a large piece of equipment to a stop on a wet roadway" and that the vehicle which crossed the intersection did not have any potential impact on the cause of the accident. Id. at p. 1-2.

At trial defendant may attempt to prove the affirmative defense of fault of a third party through the testimony of Mr. Lovell. It is for the jury to determine whether any fault for the accident may be attributed to the vehicle that crossed the intersection. Therefore, the motion in limine is denied to the extent that it seeks to exclude argument by Empire concerning the fault of a third party. However, the evidence of fault of a third party shall be limited to the deposition and trial testimony of the Lovells.

## Mr. Child's Statement

Plaintiffs seeks an order excluding as hearsay the unsworn statement given by Marvin Childs to the Progressive insurance adjuster. Empire contends that the statement is admissible under the "Residual Exception" to the hearsay rule. Under the residual exception to the hearsay rule, hearsay may be admissible if (1) the statement has equivalent circumstantial guarantees of trustworthiness"; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it offered than any other evidence which the proponent can procure through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid.

807.

"Congress believed that the residual exception was necessary to avoid the distortion of the specific exceptions beyond the reasonable circumstances they were intended to include. This exception was designed to protect the integrity of the specifically enumerated exceptions by providing the courts with the flexibility necessary to address unanticipated situations and to facilitate the basic purpose of the Rules: ascertainment of the truth and fair adjudication of controversies." *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985), citing Sen. Comm. on the Judiciary, S.Rep. No. 1277, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.Code Cong. & Ad.News 7051, 7065-66; 11 J. Moore, Moore's Federal Practice, § 803(24)[7] (2d ed. 1982).

> The exception is to be "used only rarely in truly exceptional cases." *United States v. Thevis*, 665 F.3d 616, 629 (5th Cir. 1982). "[T]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force." *United States v. Washington*, 106 F.3d 983, 1001-02 (D.C. Cir. 1997). "[I]n order to find a statement trustworthy, a court must find that the declarant of the . . . statement 'was particularly likely to be telling the truth when the statement was made.'" *Id.* (citing *United States v. Tome*, 61 F.3d 1446, 1453 (10th Cir. 1995).

*United States v. Phillips*, 219 F.2d 404, 419 n. 23 (5th Cir. 2000).

Empire has not satisfied its "heavy burden" of coming forward with indicia of trustworthiness. Empire urges that the Mr. Child's statement is trustworthy because Progressive's interests were aligned with those of plaintiffs. Alignment of interests standing alone, is an insufficient indicia of trustworthiness. Mr. Childs's statement was brief and informal. Moreover, Mr. Childs was not subject to cross examination during that statement, which is significant because Mr. Childs was not an impartial witness to the accident. Because of the lack of indicia of

4

trustworthiness, the Court grants plaintiffs' motion insofar as it seeks to exclude Mr. Child's statement.

Investigating Officer's Estimate of Speed

Deputy Timothy May competed the accident report. In that report Deputy May estimated that Mr. Child's vehicle was driving at five miles per hour at the time of the accident.

Empire, which has listed Deputy May as a witness to testify concerning his investigation of the accident, represented in its opposition to the motion that it is not "seeking to have Deputy Timothy May give opinion testimony." Doc. 54, p. 4. Based on that representation, the Court grants the motion to the extent that it seeks to exclude any testimony concerning Deputy May's estimate of the speed of Mr. Child's vehicle at the time of the accident. Additionally, the Court orders that the accident report be redacted to omit Deputy May's estimate of the speed of Mr. Child's vehicle at the time of the accident.

New Orleans, Louisiana, this 22nd day of March, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE